**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BILL DERLETH, #32394-179,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-01681-L |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* habeas corpus action brought pursuant to 28 U.S.C. § 2241, *et seq*.

Parties: Petitioner is presently residing in Corpus Christi, Texas. The Respondent listed on the petition is the United States of America. The court has not issued process in this case.

Statement of Case: Petitioner seeks to challenge a guilty plea conviction from the Southern District of Texas, Laredo Division, for conspiracy to transport undocumented aliens. See Dereleth v. United States, 5:03cr01745-(06) (S.D. Tex., Laredo Div.). On June 4, 2004, Petitioner was sentenced to fifteen months confinement and a three-year term of supervised release. Id.

Petitioner is no longer confined within the Bureau of Prisons (BOP). The Inmate Locator page on the BOP Web Site reflects he was released from custody on July 29, 2005. See Federal Bureau of Prisons – Inmate Locator, http:www.bop.gov.

Findings and Conclusions: To entertain a habeas corpus petition pursuant to § 2241, the court must have jurisdiction over the prisoner or his custodian upon filing of the petition. Lee v. Wetzel, 244 F.3d 370, 373-74 and f.n. 3 (5th Cir. 2001); United States v. Gabor, 905 F.2d 76, 77 (5th Cir. 1990); Blau v. United States, 566 F.2d 526, 527-28 (5th Cir. 1978) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973)).

Petitioner cannot establish this jurisdictional prerequisite. As previously noted, he is no longer confined within the BOP and is presently residing in Corpus Christi, Texas. Therefore, the court lacks jurisdiction to consider any request from Petitioner for habeas corpus relief pursuant to § 2241. See Lee, 244 F.3d at 374-75, Blau, 566 F.2d at 527.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the petition for a writ of habeas corpus for want of jurisdiction. A copy of this recommendation will be mailed to Petitioner.

Signed this 25th day of August, 2005.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.

1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.